UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SYLVIA KIRSCHENMAN and LEO KIRSCHENMAN, | ) ) ) | CIV. 09-4190-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES |
| AUTO-OWNERS INSURANCE, | ) ) | |
| Defendant. | ) | |

Plaintiffs, Sylvia Kirschenman and Leo Kirschenman, filed property damage claims with defendant, Auto-Owners Insurance, after a May 5, 2007, storm near Yankton, South Dakota, caused damage to their property. Auto-Owners did not pay the claims in full. Kirschenmans brought suit against Auto-Owners alleging breach of contract, bad faith, and unfair trade practices causes of action. Kirschenmans moved to compel certain discovery from Auto-Owners, which this court referred to Magistrate Judge Veronica Duffy for resolution pursuant to 28 U.S.C. § 636(b)(1)(A). Magistrate Judge Duffy ordered that Kirschenmans' motion to compel be granted in part and denied in part. Auto-Owners objected to portions of the order. The court overruled Auto-Owners' objections and adopted Magistrate Judge Duffy's order in full.

The court found that Kirschenmans were entitled to attorney's fees for bringing their motion to compel. Kirschenmans move to approve their request for attorney's fees. Docket 44. Auto-Owners objects to awarding any attorney's

fees and, in the alternative, contends that Kirschenmans' attorney's fees request be reduced. The motion is granted in part and denied in part.

## DISCUSSION

Federal Rule of Civil Procedure 37 governs when sanctions are appropriate for a party's failure to make disclosures in discovery. Rule 37(a)(5)(C) provides that if a Rule 37 discovery motion "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Rule 37 further provides that an award of attorney's fees should not be ordered if, among other reasons, objections to complying with the motion were substantially justified. Fed. R. Civ. P. 37(a)(5)(A)(ii). District courts have wide latitude in discovery, including ordering a Rule 37 monetary award. *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (citations omitted).

In awarding Rule 37 expenses, "[t]he fault concept . . . remains central." 8B Charles Alan Wright et al., *Federal Practice and Procedure*, § 2284 (3d ed. 2010). Rule 37 allows for expenses as a sanction for improper conduct in discovery "to encourage extrajudicial discovery with a minimum of court intervention." *Id.* at § 2288. When the court overrules most of the objections to a motion to compel and those objections were not substantially justified, then sanctions in the form of expenses and fees are appropriate. *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 692-93 (D. Kan. 2004). "[T]hus is placed directly on attorneys a somewhat unique sanction to refrain from the frivolous, to weigh

2

carefully considerations of relevancy and privilege, and to advise in accordance with their best judgment." Wright et al., § 2288 (quotation omitted).

Auto-Owners, citing *Oyen v. Land O'Lakes, Inc.*, No. Civ. 07-4112, 2009 WL 536606 (D.S.D. Mar. 3, 2009), argues that its objections to complying with Kirschenmans' motion to compel were substantially justified. In *Oyen*, the court reasoned that substantial justification means that "reasonable minds could differ as to whether [the party] was justified in resisting the discovery sought[.]" *Id.* at *3. Because "there was plenty of law" on whether the information sought was discoverable, substantial justification did not exist in *Oyen* for refusing to comply with the discovery requests. *Id.*

Auto-Owners maintains that it was substantially justified in resisting Kirschenmans' request number four, which sought upper-level personnel files. But according to established law in this district, upper-level personnel files are discoverable in a case alleging bad faith. *See* Docket 53 at 4 (citing *Fair v. Royal & Sun Alliance*, 278 F.R.D. 465 (D.S.D. 2012); *Torres v. Travelers Ins. Co.*, Civ. 01-5056-KES, Docket 327 at 29-31 (D.S.D. Sept. 30, 2004)). Auto-Owners was not substantially justified in refusing to respond to request number four.

Regarding request number 14, Auto-Owners was substantially justified in opposing Kirschenmans' request that it not only make the information sought available but also pay for the costs associated with producing the information. The court split the cost to comply with request number 14 by

3

ordering Auto-Owners to produce the information free-of-charge and requiring Kirschenmans to pay the copying and shipping costs.

Auto-Owners also asserts that it was substantially justified in opposing Kirschenmans' requests number 17 and 18, which sought information about similar litigation and requested all materials pertaining to those cases. The court ordered Auto-Owners to produce some documents for the other cases, including the complaint, answer, and any dispositive motion, and, if Kirschenmans believed that a case was relevant to their claims, they could then request the entire litigation file. Because the court agreed in part with Auto-Owners that it did not need to produce the entire litigation file unless the file proved to be relevant, Auto-Owners was substantially justified in refusing to fully comply with requests number 17 and 18.

Auto-Owners further contends that it had to review Kirschenmans' motion to compel before it understood the full extent of what Kirschenmans sought in discovery. For example, regarding requests numbered six, seven, and eight, Kirschenmans did not identify the REACH, CST, and or Strive for Five programs by name. Docket 50 at 5 (citing Docket 32 at 18). Requests number six, seven, and eight sought information "related to cost containment programs or efforts to lower costs[,]" "documents related to efforts to increase profitability[,]" and "documents related to efforts to reduce loss ratios or claims" in regard to Auto-Owners' handling of property claims. Docket 43 at 17. Auto-

4

Owners does not argue that it was substantially justified in refusing to comply with these requests after it received Kirschenmans' motion to compel.

Because Kirschenmans do not work for Auto-Owners, it is unreasonable to expect Kirschenmans to list every cost-containment program in their discovery requests. Auto-Owners was not substantially justified in refusing to provide the information sought in requests number six, seven, and eight.

Auto-Owners makes no argument as to how it was substantially justified in refusing to answer requests number 9, 10, 13, 16, 19, 20, 22, and 23, which Magistrate Judge Duffy granted in part or in whole. Of the 15 discovery requests in Kirschenmans' motion to compel (requests number 4, 6, 7, 8, 9, 10, 13, 14, 16, 17, 18, 19, 20, 22, and 23), the court finds that Auto-Owners was only substantially justified in refusing to answer 3 requests (requests number 14, 17, and 18). Because Auto-Owners has not shown that all of its objections to Kirschenmans' requests were substantially justified, Kirschenmans are entitled to some attorney's fees.

## II.   Amount of Attorney's Fees

In determining whether the requested attorney's fees are reasonable, the court utilizes the lodestar method. *See, e.g.*, *Jorstad v. IDS Realty Trust*, 643 F.2d 1305, 1312-13 (8th Cir. 1981) (employing the lodestar calculation for determining reasonable attorney's fees). Under the lodestar method, "the district court multiplies a reasonable number of hours for the work performed by a reasonable hourly rate." *Farmers Co-op Co. v. Senske & Son Transfer Co.*,

5

572 F.3d 492, 500 (8th Cir. 2009) (citing *H.J., Inc. v. Flygt Corp.*, 925 F.2d 257, 259-60 (8th Cir. 1991)). "Next, the court may adjust the amount based upon the particular circumstances of the case." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Kirschenmans are requesting attorney's fees for attorneys Marialee Neighbours and Mike Abourezk, both of whom have an hourly rate of $250. Docket 46 ¶ 45. Auto-Owners does not object to an hourly rate of $250 for either Neighbours or Abourezk. Neighbours and Abourezk are experienced attorneys in the insurance law area. Thus, $250 per hour for both Neighbours and Abourezk is a reasonable rate for experienced attorneys in this location.

The total amount of hours claimed for Abourezk's work is 32.25 and 26.65 for Neighbours, totaling 57.9 hours. The total requested award is $14,475.00 plus $868.50 for taxes, totaling $15,343.50.

Neighbours provided time entries for her work in a chart format, summarizing what she worked on, what day she worked on that section, and the amount of time she worked. Docket 46 ¶ 11. Auto-Owners does not object to the time claimed by Neighbours. Thus, the court finds that 25.65 hours for Neighbours is reasonable.

Unlike Neighbours, Abourezk provided only estimates of how much time he spent on the motion to compel. He did not provide the dates on which he worked on various parts of the motion to compel. Auto-Owners argues that Abourezk's estimates provide an insufficient basis for the court to award

Kirschenmans their attorney's fees. While some courts require contemporaneous documentation before awarding attorney's fees, *see N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983), the Eighth Circuit does not require such a specific showing. Instead, the attorney requesting attorney's fees must provide "detailed records" showing "a complete breakdown of who spent time in what endeavors." *Jorstad*, 643 F.2d at 1313 (quotations omitted).

In his affidavit, Abourezk stated that he does "not routinely keep contemporaneous itemized time records" because most of his office's work is done on a contingent fee basis. Docket 46 ¶ 4. Abourezk voluntarily reduced most of the time he estimated he spent on drafting the various sections.

Because an attorney moving to compel discovery may be able to recover attorney's fees under Rule 37, the attorney should maintain contemporaneous documentation at least for that portion of his work, even if the attorney is representing a client on a contingent fee basis. Moreover, in a previous case in this district last year, Abourezk utilized a time-keeping method known as "Time Slips." *See* Docket 50-1. Abourezk should have used this program, or a similar program or system for maintaining detailed records, in calculating his time spent on the motion to compel.

While the court prefers that an attorney keep contemporaneous records, Abourezk's failure to provide contemporaneous records is not fatal to the attorney's fees request. Abourezk separated his time estimates into sections,

7

estimated how much time he spent on each section, and stated the page length of that particular section. This is sufficient for the court to employ the Lodestar method.

Auto-Owners contends that some of the time spent by Abourezk in drafting is duplicative of the work completed by Neighbours. Neighbours outlined the sections, and Abourezk drafted the sections on the initial and reply briefs. The initial brief was 48 pages long, contained 167 footnotes, and had 57 exhibits. The reply brief was 45 pages long, contained 126 footnotes, and had 22 exhibits. The briefs summarized the relevant law and applied that law to the discovery requests. Given the length and detail of the briefs, Abourezk's work is not duplicative of Neighbour's work.

Auto-Owners further argues that some of Abourezk's work was "not reasonably expended." Docket 50 at 14. For example, Auto-Owners argues that six hours to draft an eight-page statement of facts is unreasonable. Six hours is not an unreasonable amount of time to draft a statement of facts that cites to multiple depositions, exhibits, and pictures. Auto-Owners makes no further argument on how Abourezk's work was not reasonably expended.

The court finds that the 32.25 hours requested by Abourezk is reasonable but, given the particular circumstances of this case, the total fee award will be reduced. Because the court has to rely on estimates of Abourezk's work instead of contemporaneous documentation and because some of Auto-Owners objections to Kirschenmans' discovery requests were

substantially justified, the court will reduce the amount of attorney's fees sought from $14,475 to $11,000.[1] The applicable sales tax is 6%, or $660. Kirschenmans request that the attorney's fees award be made payable to the South Dakota Bar Foundation and the sales tax to the firm. Accordingly, it is

ORDERED that plaintiffs' motion for attorney's fees related to the first motion to compel (Docket 44) is granted in part and denied in part.

IT IS FURTHER ORDERED that defendant will make a check payable for $11,000, to the South Dakota Bar Foundation.

IT IS FURTHER ORDERED that defendant will make a check payable for $660, to plaintiffs' firm.

Dated April 27, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

---

[1] Other courts have approved similar awards. *See, e.g.*, *Lyon v. Bankers & Cas. Co.*, No. Civ. 09-5070, Docket 47 (D.S.D. Apr. 13, 2011) (awarding $13,200 in attorney's fees in connection with a motion to compel in an insurance case); *Beyer v. Medico Ins. Group*, No. Civ. 08-5058, 2010 WL 199725, at *2 (D.S.D. Jan. 12, 2010) (awarding $13,480 in attorney's fees in connection with a motion to compel in an insurance case).